IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: _____

**ERIC SANTIAGO,**   (Formerly Osceola County Circuit
   Court Case No. 2024-CA-000034-CI)

Plaintiff,

vs.

**AMERICAN SECURITY INSURANCE COMPANY,**

Defendant.
_____/

**DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Defendant American Security Insurance Company ("American Security"), pursuant to 28 U.S.C. §§ 1446 and 1332, hereby files this Notice of Removal and thereby removes to the United States District Court an action which is pending in the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida. The facts and legal authority supporting this Notice of Removal are as follows:

A.   **BACKGROUND & CONDITIONS OF REMOVAL**

1. On January 5, 2024, Eric Santiago ("Plaintiff") filed this civil action against American Security in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida. Plaintiff has asserted a cause of action against

American Security for, among other things, alleged breach of contract. Plaintiff effectuated service of process on January 11, 2024.

2. Plaintiff owns the property located 708 Mulberry Avenue, Celebration, Florida 34747 (the "Subject Property"), which is the subject matter of this lawsuit. *See* Compl. ¶¶ 3, 4. Public Records obtained from the Osceola County Property Appraiser's Website reflect that Plaintiff has owned the Subject Property since at least 2005. *See* printout from Osceola County Property Appraiser Website attached hereto as **Exhibit A.**

3. The Subject Property is an investment property for Plaintiff. Plaintiff has resided at 10151 Chorlton Circle, Orlando, Florida 32832, which he declared as his homestead property through at least 2021 ("Homestead Property"). See printout from Orange County Property Appraiser Website attached as **Exhibit B**. An Accurint Report[1] for Plaintiff revealed that Plaintiff still lists the Homestead Property as his home address on his current Florida driver's license. Having kept this address on his driver's license and what appears to be an active voter registration for the Homestead Property, the Orlando address would likely be considered Plaintiff's domicile.

---

[1] Due to privacy concerns, a copy of the Accurint Report is not being filed with the Court at this time, but the information therein can be made available to the Court should the need arise. Public information from the report is included herein. Notably, Plaintiff is an American citizen. Plaintiff has never lived or resided in Georgia or Delaware.

4. Upon information and belief, Plaintiff started living in Ft. Lauderdale, Florida sometime in 2021 or 2022. Plaintiff had a voter registration card for property located at 4 West Las Olas Blvd., Apt. 1507, Fort Lauderdale, Florida (the "FTL Property"). Plaintiff's "407" area code cell phone number is presently tied to the FTL Property. In addition, Plaintiff is also the Managing Member of Millennium Auto Brokers LLC, where Plaintiff is the active Registered Agent listing the FTL Property as his address. Plaintiff's business also maintains a principal address in Orlando, Florida. *See* Sunbiz Printout, attached as **Exhibit C**. In any event, Plaintiff is presumed to be domiciled in Florida for diversity jurisdiction purposes.

5. The United States Supreme Court has held: "The place where a person lives is taken to be his domicile until facts adduced establish the contrary." *Mitchell v. United States*, 88 U.S. 350, 352 (1874); *see also Anderson v. Watts*, 138 U.S. 694, 706 (1891) (same). While residence alone is not the equivalent of citizenship, it is a "well-established rule that a party's current residence is *prima facie* evidence of his domicile." *Deckers v. Kenneth W. Rose, Inc.*, 592 F. Supp. 25, 28 (M.D. Fla. 1984); *see also Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).[2] Courts generally apply a "presumption" that "the state where a person resides at any given time is also that

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

3

person's domicile." *Taylor v. American Heritage Church Finance*, No. 6:10-cv-599-Orl-31GJK, 2010 WL 2991572, *2 (M.D. Fla. July 27, 2010) (citation omitted). As Plaintiff resides in Florida (whether at the Homestead Property or the FTL Property), Plaintiff is presumed to be a citizen of Florida for diversity jurisdiction purposes.

6. American Security is a Delaware corporation with its principal place of business located at 260 Interstate North Cir., SE, Atlanta, Georgia, 30339. *See* printout from Florida Department of State, Division of Corporations' website, a true and correct copy of which is attached hereto as **Exhibit D**; *see also Licari v. American Sec. Ins. Co.*, Case No. 8:12–cv–2853–T–33EAJ, 2013 WL 268688 (M.D. Fla. Jan. 24, 2013) (finding American Security's principal place of business as Georgia).

7. Venue is proper in the United States District Court for the Middle District of Florida because the case is being removed from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida.

8. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of American Security's rights to assert any defenses or affirmative claims, including a counterclaim.

9. This Notice of Removal is being timely served and filed within the time allotted under 28 U.S.C. § 1446(b).

10. This action is not a non-removable action as described under 28 U.S.C. § 1445.

11. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served as of this date is attached hereto as **Composite Exhibit E.**

12. In accordance with 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, American Security has served Plaintiff with a copy of this Notice of Removal and has filed a Notice of Filing of Notice of Removal with the Clerk of the Court for Osceola County, Florida. A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as **Exhibit F.**

### B.  THE COMPLAINT

13. Plaintiff has sued American Security for damages allegedly caused to the Property as a result of a windstorm damage loss. *See* **Composite Exhibit E.**

14. Plaintiff has provided American Security with an estimate prepared by Adjuster Groups ("AG Estimate") for Plaintiff's benefit for the subject claim, which totals $91,656.47. A true and correct copy of the AG Estimate is attached as **Exhibit G**; *see also Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1274 (S.D. Fla. 2020) ("A defendant is entitled to rely on a plaintiff's public adjuster's valuation for removal while also rejecting the validity of the adjuster's finding"); *Perez-Malo v. First Liberty Ins. Co.*, No. 17-cv-21180-KMM, 2017 WL 7731958, at *3 (S.D. Fla. June 8, 2017) (holding that "the repair estimate is an honest assessment

5

of damages by Plaintiff because it was prepared by Plaintiff's public adjuster and reflects specific information to support Plaintiff's claim for damages rather than 'puffing and posturing.'"); *Baltazar v. Balboa Ins. Co.*, No. 8:10-cv-2932-T-33MAP, 2011 WL 2020218, *2 (M.D. Fla. May 24, 2011) (Covington, J.) (amount in controversy met in insurance case where expert estimated costs to repair the property in excess of $75,000). Plaintiff additionally seeks to recover amounts for attorney's fees pursuant to Fla. Stat. § 627.428, costs, and prejudgment interest. The jurisdictional amount in controversy of $75,000 is therefore met.

### C. LEGAL STANDARD

15. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States….where such action is pending."

16. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

> **(1)** citizens of different States;
>
> **(2)** citizens of a State and citizens or subjects of a foreign state;
>
> **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

**(4)** a foreign state, defined in section 1603 (a) of this title, as Plaintiff and citizens of a State or of different States.

17.     This Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff (who is a citizen of Florida) and Defendant (American Security is a citizen of both Georgia and Delaware), and the amount in controversy is in excess of $75,000.

### D.     CONCLUSION

18.     As complete diversity and the jurisdictional amount have been met, this action is removable pursuant to 28 U.S.C. § 1332.

**WHEREFORE**, Defendant American Security Insurance Company respectfully requests that the aforesaid action now pending in the Circuit Court of the Ninth Judicial Circuit be removed to this Honorable Court.

    Respectfully Submitted,

*/s/ Brian H. Koch*
HOLLAND & KNIGHT LLP
BRIAN H. KOCH (Fla. Bar No. 637335)
brian.koch@hklaw.com
JESSICA V. CRAIN (Fla. Bar No. 1018519)
Jessica.crain@hklaw.com
515 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Tel:  954.525.1000
Fax: 954.463.2030
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

 I hereby certify that a true copy of the foregoing was emailed on January 31, 2024 to Fiorella A. Gasco, Esq.

*s/ Brian H. Koch*
BRIAN H. KOCH
